Case 1:25-cv-00112   Document 6   Filed 12/22/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
December 22, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **DARWIN E. RAMOS ARGUETA** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | **Civil Action No.** 1:25-cv-112 |
| **KRISTI NOEM**, *Secretary of the Department of Homeland Security*, et al., | § § § | |
| | § | |
| Respondents. | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the Court is Petitioner Darwin E. Ramos Argueta's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (Argueta's "§ 2241 Petition"). Dkt. No. 2. For the reasons discussed herein, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Argueta's § 2241 Petition and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On June 5, 2025, Argueta filed his § 2241 Petition and paid the filing fee. Dkt. No. 2. On September 10, 2025, the Court notified Argueta that he failed to effectuate service of process upon Respondents in compliance with Federal Rule of Civil Procedure 4(m). Dkt. No. 5; FED. R. CIV. P. 4(m). The Court ordered Argueta to show cause by September 17, 2025, as to why the Court should not dismiss his § 2241 Petition for said failure to effectuate service. *Id*. at 1. To date, neither Argueta or his counsel has responded to the

Court's order, nor have they otherwise prosecuted Argueta's § 2241 Petition since its filing.

The Court is unable to verify that Argueta is in the custody of the United States' Immigration and Customs Enforcement ("ICE"). When searching the ICE "Online Detainee Locator System," there are no results for the combination of Argueta's A-Number and country of origin[1]. *See Online Detainee Locator System*, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, https://locator.ice.gov/odls/#/search. Searching by Argueta's name and country of origin also leads to no results. *See id.*

## II. LEGAL STANDARDS

### A.   *Federal Rule of Civil Procedure 41(b)*

Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") provides for dismissal for failure to prosecute and comply with a court's orders. Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Further, district courts may, for appropriate reasons, dismiss cases *sua sponte* when a plaintiff fails to prosecute its case. *Carver v. Atwood*, 18 F.4th 494 (5th Cir. 2021) (internal citation omitted). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962). This dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996).

---

[1] Argueta's A-number is A-212875063, and his country of origin is Honduras. Dkt. No. 2 at 25.

### B. *Federal Rule of Civil Procedure 4*

Federal Rule of Civil Procedure 4(c)(1), a summons must be served with a copy of the complaint, and the plaintiff is responsible for having the summons served in time. FED. R. CIV. P. 4(c)(1). Under the Federal Rule of Civil Procedure 4(m), if a defendant is not served within 90 days after a complaint is filed, the court must dismiss the action without prejudice against that defendant unless the plaintiff shows good cause for failure of service. FED. R. CIV. P. 4(m).

### III. DISCUSSION

Here, Argueta and his counsel have failed to prosecute this case and comply with the Court's September 10, 2025, Notice and Order [Dkt. No. 5] ("Order"). Argueta and his counsel have not made any filings with the Court for over five months, since Argueta's § 2241 Petition was filed on June 5, 2025. Dkt. No. 2. Argueta and his counsel have also failed to show cause as to why service of process was not effectuated within the time limits prescribed by Federal Rule of Civil Procedure 4(m), per the Court's Order. Dkt. No. 5. Considering these factors, the Court finds that this action should be dismissed for failure to prosecute under Rule 41(b). Further, Argueta's counsel should be required to show cause as to why she should not be sanctioned for failure to abide by the Court's Order.

### IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **ORDER** Argueta's Counsel to show cause as to why she should not be sanctioned for failure to comply with the Court's order.; (2) **DISMISS WITHOUT PREJUDICE** Argueta's Petition; and (3) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V. NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SIGNED** on this **22nd** day of **December, 2025,** at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge